UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RHONDA COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:25-cv-01210-MMM |
| | ) |
| NICK COTTA, | ) |
| | ) |
| Defendant. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* from the Fulton County Jail, pursues an action under 42 U.S.C. § 1983.

Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**ALLEGATIONS**

Plaintiff seeks to sue Nick Cotta, a Public Defender in Fulton County, Illinois, for declining to represent her due to a conflict of interest.

## ANALYSIS

Plaintiff cannot sue an attorney for declining representation due to a conflict of interest. Criminal lawyers are bound by ethical and constitutional considerations and must not engage in representation where the attorney determines that a conflict of interest exists. Further, in general, criminal defense lawyers are not amenable to suit for their activities as attorneys under § 1983 because "a [defense lawyer] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

IT IS THEREFORE ORDERED:

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is allowed 21 days to file an amended complaint if she believes she can do so consistent with this order. If Plaintiff does not amend the case will be dismissed without prejudice for failure to state a claim.

Entered this 18th day of June, 2025.

                        *s/ Michael M. Mihm*
                     MICHAEL M. MIHM
           UNITED STATES DISTRICT JUDGE